**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

CHEN CHAO MA,

                                               Plaintiff,

                   -against-

UNITED RENTALS (NORTH AMERICA),
INC., and TROY RANKINS,

                                      Defendants.

----------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:_____**
**DATE FILED:** 6/21/2023 _____

**23-CV-1503 (KHP)**

**OPINION AND ORDER ON**
**MOTION TO REMAND**

**KATHARINE H. PARKER, United States Magistrate Judge**

       This case involves a car accident.  According to Plaintiff, Defendant Troy Rankins was driving a truck in the scope of his employment with United Rentals (North America), Inc. ("United Rentals") and rear-ended Plaintiff's car.  The accident occurred on September 20, 2022 at West 58th Street and Ninth Avenue in Manhattan.  (Compl. ¶¶ 15-16.)  Plaintiff brings a claim for negligence against both Defendants and a claim against United Rentals for negligent hiring/retention/training of Defendant Rankins.  The Complaint, filed on December 15, 2022 in New York Supreme Court, does not specify a damages amount.  Rather, it states that Plaintiff seeks "an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction" and demands a sum "that would provide Plaintiff general relief for his injuries and damages, altogether with the costs disbursements, interest, and legal fees of this action."  (Compl. ¶ 27.)

1

Plaintiff served the Summons and Complaint on Defendants on January 26, 2023. (Affidavit of Service, ECF Nos. 1-2, 1-3.)  Defendants filed a notice of removal on February 23, 2023 on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1446. (Notice of Removal, ECF No. 1.)  There is no dispute that the parties are all citizens of different states.  Plaintiff Chen Chao Ma, a citizen of New York.  (Compl. ¶ 1.)  Defendant United Rentals (North America, Inc.) ("United Rentals") is a Connecticut corporation with its principal place of business in Stamford, Connecticut.  (Notice of Removal ¶ 13.)  Defendant Troy Rankins is a citizen of New Jersey.  (Compl. ¶ 7.)  Defendant contends that the amount in controversy is likely to exceed $75,000.  (Notice of Removal ¶ 21.)  However, Plaintiff has moved to remand on the ground that Defendant has failed to demonstrate the amount in controversy is more than $75,000.  (Mot. to Remand, ECF No. 2.)

## LEGAL STANDARD

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district ... embracing the place where such action is pending." 28 U.S.C. § 1441(a).

The Defendants have the burden of demonstrating that removal of a case to federal court is proper.  *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir.

2004); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).  This burden has

been stated as showing a "reasonable probability that the jurisdictional amount has been

reached."  *Robinson v. Berkshire Life Ins. Co. of Am.*, 2019 WL 1614831, at *2 (S.D.N.Y. Apr. 16,

2019) (internal quotations omitted).  The Court must "resolve any doubts against removability,"

out of "respect for the limited jurisdiction of the federal courts and the rights of states." *In re*

*Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal

quotations omitted).

　　　"[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the

defendant's notice of removal fails to allege facts adequate to establish that the amount in

controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a

basis for removing the plaintiff's action from state court." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d

269, 274 (2d Cir. 1994).  The Second Circuit has cautioned district courts to "construe the

removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods.*

*Liab. Litig.*, 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters.,*

*Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

　　　Where, as here, "the pleadings are inconclusive, … the courts may look to documents

outside the pleadings to other evidence in the record to determine the amount in controversy."

*Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).  "[F]ederal courts permit individual

plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to

obtain a remand to state court, by stipulating to amounts at issue that fall below the federal

jurisdictional requirement," so long as the stipulation is "legally binding on all plaintiffs."

3

*Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).  The Second Circuit, however, has also made "clear that a plaintiff cannot seek to deprive a federal court of jurisdiction by reducing her demand to $75,000.00 or less once the jurisdictional threshold has been satisfied." *Luo*, 625 F.3d at 776; *see also Jackson v. First Niagara Bank, N.A.*, 2017 WL 4217394, at *4 (D. Conn. Sept. 22, 2017).

## DISCUSSION

As filed, the Complaint is inconclusive as to the amount in damages Plaintiff seeks. Defendants here state only that the total monetary amount of the damages "will likely exceed $75,000," and point to the fact that Plaintiff refused to sign a stipulation stating that his damages were $75,000 or less.

In a similar case, the Honorable Pamela K. Chen found that a defendant had failed to meet his burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction was satisfied.  *Azizi v. De Buitra, et. al*., 2022 WL 17623955, at *2-3 (E.D.N.Y. Dec. 13, 2022).  That case too involved a motor vehicle accident filed in New York State Supreme Court where the plaintiff failed to specify an amount in controversy in the complaint.  The defendant served a request to admit on the plaintiff seeking his admission that the amount in controversy exceeded $75,000.  The plaintiff refused to answer.  Noting that federal courts "allow remands on the basis of plaintiff[s'] stipulations to damages amounts that fall below the diversity jurisdictional threshold," *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)), the Court explained that "the inverse is not true."  *CG by Georges v. Target Corp.*, 2022 WL 15497124, at

4

*2 (E.D.N.Y. Oct. 27, 2022) ("[T]he Court will not infer from a refusal to sign such a stipulation that Plaintiffs' claims necessarily exceed the $75,000 amount in controversy threshold."); *see also Price v. PetSmart Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015) ("[T]he fact that a plaintiff will not stipulate to damages of less than $75,000 does not alone compel a conclusion that the actual amount in controversy is more than $75,000 in the absence of other evidence that this is so."). As a result, the Court found that the defendant had not met its burden and remanded the case sua sponte. *See also Whitter v. Waizenegger*, 2019 WL 6210848, at *2 (S.D.N.Y. Nov. 21, 2019) (granting motion to remand; finding Plaintiff's refusal to stipulate that damages were $75,000 or less was not dispositive); *Dougherty v. Sears*, 2012 WL 6588817, at *1 (S.D.N.Y Dec. 12, 2012) (granting motion to remand because even though plaintiff failed to stipulate that damages were lower $75,000 or less, plaintiff's counsel represented at conference that damages were $70,000); 14AA Wright & Miller, Federal Practice and Procedure 3702.1 (4th ed.).

The *Azizi* case is persuasive. 2022 WL 17623955. There, like here, the Plaintiff alleged damages "in an amount which exceeds the monetary jurisdictional limits of all Courts having jurisdiction save the Supreme Court of the State of New York." (Compl. ¶ 27.) But, because lower civil courts of New York State cannot entertain actions seeking to recover more than $25,000, Judge Chen found that such an allegation was insufficient to demonstrate that the amount in controversy is greater than $75,000. *Id.*; s*ee also De Garcia v. Tropicana Ent. Inc.*, 2022 WL 375996, at *1-2 (E.D.N.Y. Feb. 8, 2022) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages "in a sum exceeding the jurisdictional limits of all lower

5

courts which would otherwise have jurisdiction" and explaining such a clause "merely indicates an amount in controversy in excess of $25,000") (internal citations omitted).

Additionally, there, like here, the Plaintiff further alleged damages he sustained are greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York.  (Compl. ¶ 19.)  But, because the "basic economic loss" under this provision of New York law is an amount up to $50,0000, this allegation too was insufficient to demonstrate the amount in controversy exceeded $75,000.  2022 WL 17623955, at *2.

Allegations of injury themselves, without any statement of damages, also does not give rise to a finding that the amount in controversy exceeds $75,000.  *Bonnet v. Roig*, 2019 WL 5291207, at *2 (E.D.N.Y. Oct. 18, 2019) (Plaintiff's general allegations that she was "severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time" were not enough to demonstrate an amount in controversy greater than $75,000); *Valente v. Garrison From Harrison LLC*, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [p]laintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future… do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").  So, Plaintiff's allegations in this case that he "sustained severe and serious personal injuries to [his] body and physical health, and nervous system" and "was

6

caused to endure pain and suffering" (Compl. ¶ 21) are insufficient to find that the amount in controversy exceeds $75,000.

While it is true that some courts have retained jurisdiction after removal when a plaintiff seeking remand refused to stipulate that damages were $75,000 or less, those cases involved different facts where the court had more detailed information about permanent severe injuries and/or medical bills that are absent in this case or where the plaintiff conceded the damages exceeded $75,000. *See Fellipe v. Target Corp.*, 572 F. Supp.2d 455, 459 (S.D.N.Y. 2008) (denying motion to remand; relied in part on Plaintiff's refusal to stipulate that damages were $75,000 or less and that fact that Plaintiff stated damages would "[m]ost likely" exceed $75,000 in a hearing before the court); *Nickel v. Nike, Inc.*, 2011 WL 4343852, at *2 (S.D.N.Y. Aug. 18, 2011) (denying motion to remand; relying in part on Plaintiff's refusal to stipulate that damages were $75,000 or less and that Plaintiff's injuries were characterized as serious, permanent and debilitating and included bulging disks and internal derangement of the left knee, with medical bills and liens exceeded $20,000 and were continuing to mount); *Juarbe v. Kmart Corp.*, 2005 WL 1994010, at *2 (E.D.N.Y. Aug. 17, 2005) (denying motion to remand; relying in part on Plaintiff's refusal to stipulate that damages were $75,000 or less and that Plaintiff alleged severe and serious injuries to mind and body, great physical pain and mental anguish, severe nervous shock, some of which were likely permanent and impaired her ability to earn a living and that she had incurred and was continuing to incur hospital and medical bills).

At the initial conference in this case, Plaintiff's counsel said he could not value the case and explained that he was not aware of any medical treatment apart from limited physical

therapy or acupuncture, suggesting that the damages in this case may indeed be limited and

less than the jurisdictional threshold.  Further, Plaintiff's counsel stated that he could not value

the property damage in this case, but that Plaintiff would not claim any lost wages.  In short,

Defendants have failed to meet their burden of demonstrating by a reasonable probability that

jurisdiction is appropriate.  In keeping with the Second Circuit's direction to resolve any doubts

against removability, the motion to remand is granted.

## CONCLUSION

For the reasons set forth above, the motion to remand is granted.

**SO ORDERED.**

DATED:          New York, New York
                June 21, 2023

KATHARINE H. PARKER
United States Magistrate Judge